# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0414V

|  |  |
|---|---|
| KATHERINE NORWALT,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 23, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Michael Bliley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On March 4, 2025, Katherine Norwalt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on April 15, 2025. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 13, 2023. Amended Petition at 1.The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 2, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 23, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $76,351.82. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $76,351.82 (comprised of $75,000.00 for pain and suffering and $1,351.82 for past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

---

KATHERINE NORWALT,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No.  25-414V
Chief Special Master Corcoran
ECF

---

**PROFFER ON AWARD OF COMPENSATION[1]**

On March 4, 2025, Katherine Norwalt ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following receipt of an influenza vaccine on October 13, 2023.  Petition at 1.  On October 2, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on October 2, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 17; ECF No. 19.

**I.**      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$75,000.00** in pain and suffering

damages.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of **$1,351.82**.  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment as described below, and request that the Chief Special Master's

decision and the Court's judgment award the following: [2]

> A lump sum payment of **$76,351.82** to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Katherine Norwalt.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future lost earnings
and future pain and suffering.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Michael S. Bliley*
MICHAEL S. BLILEY
Trial Attorney
Torts Branch, Civil Division
U.S.  Department of Justice
P.O.  Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-4357
Michael.Bliley@usdoj.gov

Date: January 23, 2026

3